CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* COKER.

Opinion delivered February 8, 1909.

RAILROADS—LIABILITY FOR FRIGHTENING HORSE.—In an action against a railroad company to recover for damages caused by the defendant's trainmen unnecessarily blowing a whistle after they saw that it was frightening a horse, which ran away and injured plaintiff, it was not error to instruct the jury that "the sounding of the whistle at any point required by the law will not make the defendant liable for any injury that may ensue from it unless the operatives of the engine who sound the whistle know as reasonable men (that) by so doing injury will necessarily and proximately ensue."

Appeal from Yell Circuit Court, Dardanelle District; *Hugh Basham,* Judge; affirmed.

*Buzbee & Hicks,* for appellant.

The statutory rule requiring signals upon the approach to a crossing of a train should not be held to be so inflexible as to contribute to or produce the injury which it is designed to prevent. 60 Ark. 415.

*Bullock & Davis,* for appellee.

If it be apparent that a team has become frightened at the sound of the signals, and is endangering the safety of an individual, the engineer should change, suspend or stop the sound of the signals, as the circumstances seem reasonably to require, until the danger is averted. 60 Ark. 415; 77 *Id.* 177; 56 *Id.* 387. An instruction is not abstract if there be any evidence from which the jury might infer the existence of the fact supposed. 85 Ark. 568; 22 *Id.* 477; 50 *Id.* 49; 76 *Id.* 227.

Notice to the fireman of the danger of plaintiff's perilous position is notice to the engineer. 90 S. W. 975.

BATTLE, J. This is the second appearance of this cause in this court. A report of it is in 77 Ark. 174 *(Choctaw, O. & G. Rd. Co.* v. *Coker).* It is conceded by appellant that the testimony in the two trials in the case is substantially the same. For the purpose of this opinion, the statement in the opinion on the first appeal of the facts proved is sufficient.

In the first trial the court instructed the jury at the request of the plaintiff as follows: "The law requires the defendant to ring the bell or sound the whistle eighty rods before reaching a public crossing, and to continue doing one or the other until the crossing is passed. Under the statute the sounding of the whistle at any point required by the law will not make the defendant liable for any injury that may ensue from it unless the operatives of the engine who sound the whistle know, or reasonably knew, that by so doing injury will reasonably and proximately ensue."

And refused to give the following instruction as requested by defendant:

"You are instructed that defendant's engineer was not guilty of negligence in blowing the whistle in Coker's field, unless you also find that said engineer knew or had reason to believe that

the blowing of said whistle would frighten the horse driven by Coker."

This court said of the instruction given: "The instruction given was calculated to mislead the jury. They might have concluded from it that the operatives of the engine should have seen Coker and his horse at or about the time the whistle was blown, and reasonably have known that the horse would run away and injure some one. The instruction refused should have been given to prevent such an error."

.At the last trial the court gave upon the same subject an instruction as follows:

"2.    The law requires the defendant to ring the bell or sound the whistle eighty rods before reaching a public crossing and to continue doing one or the other until the crossing is passed. Under this statute, the sounding of the whistle at any point required by the law will not make the defendant liable. for any injury that may ensue from it unless the operatives of the engine who sound the whistle know as reasonable men by so doing injury will necessarily proximately ensue."

The appellant contends that the same error was committed in the second trial by the giving of this instruction that was committed in the first. We do not think so. There is nothing in the last instruction to lead the jury to conclude that the operatives of the engine should have seen Coker and his horse at or about the time the whistle was blown, and reasonably have known that the horse would run away and injure some one. According to it the sounding of the whistle at any point required by law would not make the railroad company liable for any injury that followed, unless the operatives of the engine who sounded the whistle knew by so doing an injury would necessarily and proximately ensue. The language of the first is "know or reasonably knew," that is, ought to have known.

Upon the same subject the court gave in the last trial the following instruction:

"The jury are instructed that if they find from the testimony in this case that at the time the engineer sounded the whistle, as alleged in the complaint, he did not know that Mr. Coker's horse was frightened, or if you find from the testimony that at the

time the horse, although previously frightened, was apparently under the control of Mr. Coker, then it was not the duty of the engineer to abstrain from sounding the whistle as required by law, and the defendant would not be liable, unless you find that the fireman had knowledge of the danger, and that it was his duty to notify the engineer not to blow the whistle and he failed to so notify him."

The error in the first trial was not repeated in the second.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.