St. Louis, Iron Mountain & Southern Railway Company *v.* Transmier.

Opinion delivered February 10, 1913.

1.  RAILROADS—NEGLIGENCE—FRIGHTENING TEAM.—Railroads are required to exercise reasonable and ordinary care to observe travelers about to cross the track at a highway crossing, and must refrain from doing any heedless or unnecessary act calculated to frighten teams of travelers rightfully crossing the tracks. (Page 533.)

2.  SAME—SAME—SAME.—When a railway locomotive' stops within fifteen feet of a crossing, and as plaintiff was crossing the tracks, steam from the engine was blown against plaintiff's mule and wagon, causing the mule to overturn the wagon and injure plaintiff, a jury will be warranted in finding the railroad guilty of negligence. (Page 533.)

3.  VENUE—CHANGE OF VENUE—DISCRETION OF COURT.—Act No. 249, page 751, of the Acts of 1909, which provides that "the venue of civil actions shall not be changed unless the court or judge to whom the application for change of venue is made finds that the same is necessary to obtain a fair and impartial trial," repeals section 7998 of Kirby's Digest. (Page 535.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. B. Kinsworthy, W. V. Tompkins, W. G. Riddick* and *R. E. Wiley,* for appellant.

1.  Under the circumstances of this case, where it is shown that the plaintiff, with knowledge of the presence and situation of the engine, and while the engine was stopped at some distance from the crossing, drove thereon, negligence can not be imputed to the engineer if, while the plaintiff was driving over the crossing, he started his engine to moving away from the crossing and in doing so made no greater noises and allowed no greater escape of steam from the engine than was neces-

sary and usual in its operation.  99 Ark. 226, 232; 77 Ark. 174; 89 Ark. 270; 28 Ind. App. 289, 62 N. E. 647; 95 Ill. App. 220; 44 Atl. 994; 59 S. W. 607; 69 Ark. 130; 60 Ark. 409; 62 N. W. 7; 98 N. E. 247, 253; 83 Ind. 516, 522-3; 74 Wis. 504; 23 L. R. A. 504, 510.

It is only where the escaping steam which frightened the animal is shown to have been unnecessary or outside the ordinary working of steam incident to the operation of the engine, that the railway company is held to be negligent.  *Supra;* 63 Atl. 139; 126 S. W. 8; 8 So. 798; 33 N. E. 774; 66 S. W. 1013; 85 Wis. 570; 73 Md. 516.

2.  The court should have granted appellant's motion for change of venue.  Repeals by implication are not favored.  It is not enough that a later act covers part of the subject matter of a prior act, but it must be clearly apparent that the whole subject matter of a prior law is covered by the later enactment, before the later act will operate as a repeal.  It is clear that section 7998, Kirby's Digest, is not repealed by either of the Acts of 1909 (Acts 1909, pp. 757 and 571; 73 Ark. 536; 76 Ark. 32; 76 Ark. 443; 47 Ark. 481; 80 Ark. 413.

*Robertson & DeMers,* for appellee.

1.  Appellant's right to operate its engine and to make the necessary noises and to blow off the necessary steam for that purpose, does not extend to circumstances where to do so would, within its knowledge, cause or increase the fright of plaintiff's mule and cause plaintiff injury.  69 Ark. 130; 60 Ark. 409.

It is the duty of a railroad company to exercise reasonable and ordinary care to observe travelers about to cross the railroad upon the highway, and to be reasonable, the care exercised must be "proportioned to the danger and multiplied chances of injury."  This is a question for the jury.  3 Elliott on Railroads, 1156 and authorities cited.

Certainly the conduct of the engineer in blowing off steam, and in the creation of noises, to the extent shown in the evidence, could not, under the circumstances, be justified as the conduct of a careful and prudent man

having due regard to plaintiff's safety in the operation or management of the engine. 56 Ark. 387; 60 Ark. 415; 94 Ark. 251 and cases cited; 14 L. R. A. (N. S.) 1224; 39 Neb. 28, 57 N. W. 769; 39 Neb. 65; 28 L. R. A. 507; 57 N. W. 545; 225 Pa. 110; 24 L. R. A. (N. S.) 1202-1205.

2. The motion for change of venue was properly overruled. The provision of the latter part of section 7998, Kirby's Digest, and the provisions of the Act of May 13, 1909, are in direct conflict. The later act will prevail over the former. Act May 13, 1909, § 2; 36 Cyc. 1097.

McCulloch, C. J. This is an action instituted against defendant railway company to recover damages for personal injuries received by the plaintiff while crossing the railroad of defendant at a public street crossing in the city of Argenta, negligence of servants of the company being charged in unnecessarily blowing steam from the engine so as to frighten plaintiff's horse.

Plaintiff is a man well advanced in years, and was employed to work on a farm a few miles out from Argenta. His employer, one Engelberger, in addition to farming, operated a saloon and restaurant in Argenta, and one of plaintiff's duties was to make regular trips to and from Argenta to haul slops and garbage from the restaurant to the farm. He made several trips each week, and was accustomed to cross the railroad at the place where his injury occurred. He drove a mule, which his employer had owned for several years and which he had been driving regularly. The evidence shows that the mule had always been regarded as a very gentle animal, free from viciousness, and that all the members of the Engelberger family were accustomed to driving it. On the occasion in question, as plaintiff approached the street crossing, he observed a switch engine backing a train of cars slowly over the crossing, and he stopped his mule in about forty or fifty feet of the crossing in order to wait for the train to pass over. The engine backed the cars over the crossing and stopped in a very short distance of the crossing. The evidence warranted

a finding that it stopped in something less than fifteen feet of the crossing. There was a flagman there to guard the crossing, and without objection or warning from him the plaintiff started driving across, when steam was suddenly blown from the engine and the mule took fright and overturned the cart, throwing plaintiff out. He sustained very serious injuries, and the jury awarded damages in the sum of $5,000.

The law of the case is well settled, and the same was declared to the jury in instructions free from any objection. In fact, it is not insisted here that any error was committed by the court in instructing the jury.

The court, in decisions in like cases, has laid down the law applicable to the facts in cases of this sort, where injuries have been caused to travelers at crossings from negligence of servants of a railroad in frightening horses by unnecessarily allowing steam to escape or by unnecessary noises. *Railroad Co.* v. *Lewis,* 60 Ark. 409; *Inabnett* v. *St. L., I. M. & S. Ry. Co.,* 69 Ark. 130; *C. O. & G. Rd. Co.* v. *Coker,* 77 Ark. 174; 89 Ark. 270; *Geren* v. *St. L., I. M. & S. Ry. Co.,* 99 Ark. 226.

The doctrine of those cases is that "the duty of railroads is to exercise reasonable and ordinary care to observe travelers about to cross at a highway crossing," and it should refrain from doing any heedless or unnecessary act calculated to frighten teams of travelers rightfully approaching crossings.

It is insisted here that the evidence is not sufficient to warrant the finding that steam in unusual quantities was allowed to escape or that steam was unnecessarily blown out but that if any steam at all escaped from the engine it was only a necessary incident to the starting of the engine. We think the evidence was sufficient to warrant the finding of negligence. The engine had been brought to a stop within fifteen feet of the crossing, and plaintiff started across in full view of the men on the engine. There was no steam escaping at the time he started across, but he states that just as he got in front of the engine steam was blown out to the extent that it

scalded his hand as it rested on the edge of the seat of the wagon or cart. He stated that this frightened the mule.

In *Railway* v. *Lewis, supra,* this Court said:

"It is insisted that there was no testimony by any witness that the blowing off of steam at the steam cocks was not, under the circumstances, necessary for the ordinary operation of the train * * * If the jury are to be judges of the question as to whether there was negligence or a want of reasonable care and prudence, what will constitute the one or the other will depend upon the particular circumstances of each case * * * The place, the length and character of the train, its rate of speed, the view, whether plain or obscured, the fright of the team, its conduct and distance from the crossing, and the distance of the train from the team and the crossing, the purpose and use of steam cocks, the manner and facility of their manipulation, and all other circumstances, may be considered by the jury, in the light of common knowledge, experience and observation."

If the steam was, as stated by plaintiff, violently blown out from the engine against the mule and wagon while less than fifteen feet distant and in full view of those in control of the engine, it certainly warranted a finding of negligence.

The only other question presented here is on the alleged error of the court in refusing to order a change of venue. The defendant filed its petition, in due form, for change of venue, which was verified by affidavit of one of its attorneys. The petition was overruled by the court.

Prior to 1909 the statutes of this State provided, in substance, that in civil cases the court, in passing upon petitions for change of venue, could exercise and order a change of venue "if in his judgment, it becomes necessary to a fair and impartial trial," (*Louisiana & Northwest Rd. Co.* v. *Smith,* 74 Ark. 172) but that "in case where the plaintiff shall have instituted suit in a county other than that of his residence, or of the county where

the occurrence of which he complains took place, unless compelled to do so in order to get service on the defendant, the defendant shall have the right to a change of venue upon presentation of his petition duly verified.'' Kirby's Digest, § 7998.

This case falls within the provision above quoted, for it is shown, that the plaintiff resided in Pulaski county, where ''the occurrence of which he complains took place,'' and that he was not compelled to institute this action in Hot Spring county in order to get service on the defendant.

In the case of *St. L. I. M. & S. Ry. Co.* v. *McNamare,* 91 Ark. 515, we held that, in a case that fell within the provision above quoted, if the defendant presented a petition properly verified but without being supported by the affidavits of credible witnesses, the order for change of venue should go as a matter of course and that the court could not exercise discretion in determining whether or not the defendant could secure a fair and impartial trial in the county.

The General Assembly of 1909 enacted a statute (approved May 13, 1909), which provides that ''hereafter the venue of civil actions shall not be changed unless the court or judge to whom the application for change of venue is made finds that the same is necessary to obtain a fair and impartial trial of the cause.''

It is insisted by learned counsel for defendant that the Act of 1909 does not repeal the above quoted provisions of the prior statute, which it is contended is still in force. We are unable to agree with them in that construction of the Act of 1909. Its title is ''An Act to regulate change of venue in civil cases,'' and it applies broadly to changes of venue in all civil actions. The provisions of the prior statutes, which require the court to order a change of venue are necessarily repugnant to the provision of the later statute, which declares that the change of venue shall not be granted unless the court or judge finds that the change is necessary to obtain a fair and impartial trial. Our conclusion is, that the statute

applies to all civil cases wherever instituted and that it invests trial courts with authority and discretion to determine in each case whether or not a fair and impartial trial of the cause can be obtained in the county where the same is pending.

Judgment affirmed. ·