Hot Spring Co. Ark. *v.* Prickett.

5-1739                                     319 S. W. 2d 213

Opinion delivered January 12, 1959.

*W. R. Thrasher & Bill Demmer,* for appellant.

*James C. Cole,* for appellee.

SAM ROBINSON, Associate Justice. Appellee owns a house and lot in Hot Spring County, just north of the city limits of Malvern. The ground is 308 feet in width at the front, where it joins the right of way of Highway 67, and it is 210 feet in depth. Fifteen feet across the entire front was taken for the purpose of improving Highway 67. Appellee filed a claim in the sum of $15,-000 for loss of the ground taken, plus damages to the remainder. Upon a trial in circuit court, a jury returned a verdict for $8,000. Appellant, Hot Spring County, has appealed, and contends that the verdict is excessive; that there is no substantial evidence to support the amount of the verdict. Appellant produced three expert witnesses, one of whom said the damages amount to $900, and the other gave a figure of $1,500 as damages.

To prove his damages, appellee introduced in evidence several pictures of the property before the highway was widened and the grade lowered, and also several pictures of the condition of the property after the new work on the highway was completed. Appellee contends that these pictures, without additional evidence, support the verdict, but we fail to see anything in the pictures indicating that appellee has been damaged to the extent of $8,000. In addition to the pictures, appellee produced two witnesses who gave testimony of the amount of damages. Appellee, Prickett, testified that there has been a depreciation in value of $25,000 because of the taking. It is not shown that he has had any experience in the real estate business, and there is no showing whatever as to how he arrived at the $25,000 damages. He gave no facts to sustain his conclusion. True, he testified that the place cost $60,000, including the cost of improving the land and building the house, but he is an interested party, and his testimony on that point is not corroborated.

In addition to himself, appellee produced only one witness, Judy Carlisle, to prove damages. She testified that she has been a real estate agent since 1954; that the property before the taking was worth $58,000 and since the taking it is worth $40,000 — damages of $18,-000. She had been in Malvern only about six months at the time she gave her testimony, although she had been in and out of the city for about three years. Apparently the only sale of real estate that she has made in or around Malvern is a 160 acre farm which sold for $20,000. Her business is primarily dealing in farms and ranches, and she has not bought or sold any residential property in Malvern. She testified that the value of the Prickett lot in itself was $9,000 before the taking and $6,000 thereafter. She also said that if the property were used for business purposes it would not be as accessible as it was before the taking, but its best and most valuable use is for residential purposes, and she sees no prospect of its being used for any other purpose. She also testified that the only other lots in that community that she knows of for sale are priced at $3,000, but no one has bought at that price. It cannot be said that the testimony of this witness standing alone, excepting the testimony given by appellee himself, is substantial evidence. See *Ark. State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738, and cases cited therein, and *Texas Illinois Natural Gas Pipeline Co.* v. *Lawhon,* 220 Ark. 932, 251 S. W. 2d 477.

Reversed and remanded.