Ark. State Highway Comm. *v.* Weir.

5-3154                                     376 S. W. 2d 257

Opinion delivered February 17, 1964, as amended on denial of petition for rehearing March 30, 1964.

*Dowell Anders, Thomas B. Keys,* for appellant.

*Jeff Mobley* and *William R. Bullock,* for appellee.

SAM ROBINSON, Associate Justice. The Arkansas State Highway Commission condemned for highway purposes 15.9 acres of appellees' dairy farm consisting of about 210 acres. The strip for the highway was taken diagonally across the farm, leaving about 133 acres on the north with no improvements, and about 62 acres on the south with all the improvements, consisting of a nice brick home, a grade A dairy barn, and other buildings necessary for the operation of a grade A dairy. It will be wholly impractical to regularly move cattle from one side of the highway to the other for milking purposes. The facilities on either side are not sufficient in themselves to successfully operate a dairy farm. The usefulness of the farm as a grade A dairy has, therefore, been destroyed.

Appellees have lived on the property and have operated a dairy thereon for about 35 years; they have reared a family and have sent several of the children through college on the proceeds from the dairy. Appellees contend, and introduced evidence to the effect that they have been damaged in an amount ranging from an estimated low of $26,570 to over $88,000. The Highway Commission introduced evidence to the effect that appellees had been damaged in a sum not exceeding $14,500. The jury returned a verdict in the sum of $30,000.

First, appellant contends that the court erred in not striking the testimony of Mr. Jackson Ross, an expert on real estate values, who testified for appellees. Mr. Ross first fixed a valuation of $94,205.70 on the farm before the taking by computing the profits over a seven year period. He testified to an after the taking value of $40,770, thus showing damages in the sum of $53,435.70; but on motion of appellant, Ross' testimony on this method of showing damages was stricken.

But be that as it may, Mr. Ross further testified that the farm was worth $320 per acre for the 210 acres, or $67,200 before the taking, and $40,770 after the taking, thus showing a difference in the before and after value of $26,130. The only testimony, admitted in evidence, showing damages equalling or exceeding the judgment of $30,000 is the testimony of appellees, who claim damages of $82,685. Appellant contends that the uncorroborated testimony of the owners is not sufficient to sustain the judgment, and as authority cites *Hot Spring County* v. *Prickett,* 229 Ark. 941, 319 S. W. 2d 213. But that case does not stand for the proposition that, as a matter of law, the uncorroborated testimony of a landowner is not sufficient to sustain an award for damages. In the Prickett case it was pointed out that the amount of damages claimed by the landowner, in that case, was a conclusion not supported by facts. It was also pointed out that because the landowner was an interested party, his testimony was not to be considered as being undisputed. *Cousins* v. *Cooper,* 232 Ark. 605, 339 S. W. 2d 316. This well known rule simply means that the courts do not have to accept as true the undisputed testimony of a party to the action. It does not mean that the courts must disregard the uncorroborated testimony of a party.

Here, the landowners testified in detail as to how they arrived at the amount of damages they claimed to have suffered—the long, successful operation of the farm as a grade A dairy, along with other details of the improvements, etc. According to that part of Mr. Ross' testimony admitted in evidence by the court, the landowners had been damaged something over $26,000, and the jury returned a verdict for only $30,000 although the landowners had testified to a great deal larger sum as the damages sustained.

Mr. Ross' testimony was competent; it is not absolutely necessary that the landowners' testimony be corroborated; and the evidence is sufficient to sustain the judgment.

Affirmed.