The Housing Authority of the City of Searcy v. Angel

5-3526 388 S. W. 2d 394

Opinion Delivered March 29, 1965.

*Lightle & Tedder and Darrell Hickman,* for appellant.

*Van Chapman,* for appellee.

Sam Robinson, Associate Justice. Appellant, The Housing Authority of the City of Searcy, filed this action to acquire by eminent domain a portion of two lots in Searcy; one belonging to appellees O. H. and Fay Angel, the other to appellees M. H. Phelps and wife. A jury al-

lowed the property owners $2,500 as damages to the remaining portion of each lot. The Housing Authority has appealed contending that the owners were not qualified to express an opinion as to value, and that there is no substantial evidence to support the verdicts.

Both Mr. Angel and Mr. Phelps testified that the difference in the value of their property before and after the taking amounted to more than $2,500, but appellant contends that such evidence given by the property owners is not admissible in evidence, and is not sufficient to sustain the verdicts.

Mr. Angel is 68 years of age and has lived on his property a little over 20 years. He testified that the property was worth between $16,000 and $17,000 before the taking; that he knows the value after the taking to be $10,000. From the record it appears that he is a reasonably intelligent person. We cannot say that a property owner who has lived on a piece of property for such a long time is not qualified to give his opinion as to the value of the property both before and after a portion has been taken in a condemnation proceeding, and in this case we cannot say that such evidence is not substantial as to the damages sustained.

What we have said regarding the Angel testimony is applicable also to the testimony given by Phelps. He had lived on his property 35 years and stated that he had been damaged $3,000 by the taking.

In Arkansas *State Highway Commission* v. *Muswick Cigar & Beverage Co.,* 231 Ark. 265, 329 S.W. 2d 173, we said: ''This court has on numerous occasions affirmed the right of the owner of property . . . to testify as to its value. In the case of *Jonesboro, Lake City & Eastern Railroad Company* v. *Ashabranner,* 117 Ark. 317, 174 S.W. 548, we find this statement: 'Plaintiff resided on the land and was familiar with the conditions, and we think the court was justified in allowing her to state her opinion of the extent of the injury to the land and the depreciation in the value thereof.' ''

We further said in the Muswick case, citing *Arkansas State Highway Commission* v. *Carder*, 228 Ark. 8, 305 S.W. 2d 330, that a verdict "will be set aside as excessive only when it is not supported by proof, or when it is so excessive as to indicate passion, prejudice or incorrect appreciation of the law applicable to the case." Here, we cannot say the judgments are so extreme as to call for a reversal.

Affirmed.