ARKANSAS STATE HIGHWAY COMMISSION *v.* LEWIS HOLT, ER UX

5-4141

Opinion delivered April 3, 1967

George O. Green and Don Langston, for appellant.

Ralph W. Robinson, for appellee.

PAUL WARD, Justice. This is a condemnation action. The Arkansas State Highway Commission (appellant) sued to condemn two small parcels of land, one being in front of the residence and the other being part of rental property, belonging to Lewis Holt and his wife (appellees).

Appellant deposited $6,200 in court to compensate appellees for the land taken and for damages to the remaining property. Upon trial, the jury awarded ap-

pellees the sum of $12,500 and appellant appeals, contending the award is excessive. Appellant bases this contention on two grounds. One relates to certain value testimony, and Two pertains to substantiality of the evidence.

*Background Facts.* The condemned land was to be used by appellant in constructing an overpass on Highway No. 40 in Crawford County. For clarity and brevity, we will refer to the residence property as Tract 1 and to the rental property as Tract 2. Appellees reside on Tract 1 which consists of .78 acres. It fronts 312 feet on Ray Lane Road which is blacktopped and it also borders on Rudy Road. Tract 2, consisting of two and one-half acres, lies a short distance east of Tract 1 and it also borders on the two roads mentioned above.

*One. Admissibility of Evidence.* Appellant presents three separate assignments of error hereafter considered.

(a)   Jay Neal, a witness for appellees, offered to give his opinion as to the before and after value of both parcels of land. Over appellant's objection, the trial court allowed the witness to give his opinion. Under the facts disclosed by the record, we think the trial court was correct.

Neal, who was seventy two years old, has lived all his life in that area. He owns four or five pieces of property in Crawford County, and has bought and sold property for more than sixty years. He stated he had familiarized himself with the fair market value of property in that area during all that time, and that he had previously made appraisals for appellant on different occasions.

Although Neal was a lay witness and not an expert in real estate values, we think he was qualified to testify. In *Lazenby* v. *Ark. State Highway Commission*, 231 Ark. 601, 331 S. W. 2d 705, we find this statement:

"In numerous cases we have allowed non-expert witnesses ... to testify regarding the market value of land if the testimony shows that they are familiar with such matters."

(b) After witness Neal had given his testimony appellant moved the court to strike same "because he has given no fair basis for his testimony ... he did not qualify as an expert on direct examination." The court overruled the motion and, in view of what we have just said previously, we hold the court was correct.

(c) E. K. Ragge, a witness for appellees, also gave testimony as to the before and after value of the subject property. At the close of his testimony appellant moved to strike because "he has only used sales which occurred after the date of taking and there is no fair and reasonable basis for his opinion ..."

The trial court properly overruled appellant's motion. Ragge qualified as an expert in the real estate business, having been so engaged in Crawford County for five years selling farms and residential property. He also viewed the subject property. He was, therefore, qualified to express his opinion. In *Ark. State Highway Comm. v. Johns*, 236 Ark. 585, 367 S. W. 2d 436, we said:

"An expert witness, after having established his qualifications and his familiarity with the subject of inquiry, is ordinarily in a position to state his opinion."

It was therefore, as also pointed out in the above cited case, incumbent upon appellant to show there was no reasonable basis for Ragge's opinion. We are unwilling to say this was sufficiently shown in this case. Appellant points out only that Ragge used "sales which occurred after the date of the taking". Consequently we think it was proper for the trial court to give the jury an opportunity to consider and evaluate the testimony.

*Two*. After a careful consideration of the value testimony disclosed by the record as summarized below, we have concluded the jury verdict is supported by substantial evidence.

The value of the land taken together with the damage done thereto (including both parcels) was assessed by appellee Holt and each of his witnesses as follows:

Robert Gelly—$11,500.
Mack Bowling—$11,750.
Jay Neal—$11,500.
E. K. Ragge—$10,500.
Holt—$15,000.

Not counting Holt's testimony, it reasonably appears there was substantial evidence to support a verdict in the amount of $11,750. The question presented, therefore, is whether Holt's testimony presents substantial evidence to support an additional $750 or a total of $12,500—the amount fixed by the jury. We have concluded that it does.

Holt's testimony reveals: He, his wife and two children live on Tract 1 on which is located a four room dwelling, a garage and a utility room; the condemned right-of-way takes in the driveway in front of his home and reaches within six feet and six inches of his front porch—it destroyed large shade trees, shrubbery, a hedge, and flower beds, and there is no space left for a driveway. The right-of-way takes a strip of land approximately seventy five feet wide off of Tract 2 on which is located a rent house (renting for $40 per month), and destroys a hedge, shrubbery, and several large shade trees. Holt also testified at length and in minute detail as to many other items of damage and inconveniences caused by the taking. No other witness had the opportunity to so fully appreciate the damage to the property, especially to residence property. The jury could have reasonably considered this situation in arriving at its verdict.

In *Ark. State Hghway Comm.* v. *Weir,* 237 Ark. 692 (p. 694), 376 S. W. 2d 257, there appears this statement:

"Appellant contends that the uncorroborated testimony of the owners is not sufficient to 'sustain the judgment, and as authority cites *Hot Springs County* v. *Prickett,* 229 Ark. 941, 319 S. W. 2d 213. But that case does not stand for the proposition that, as a matter of law, the uncorroborated testimony of a landowner is not sufficient to sustain an award for damages."

In *Ark. Highway Comm.* v. *Gardner,* 228 Ark. 8 (p. 11), 305 S. W. 2d 330, we said:

"The credibility of the various witnesses who testified concerning the damages sustained by appellees was a matter for the determination of the jury, and it furnishes no ground for reversal that the verdict might appear to us to be contrary to the preponderance of the evidence."

Particularly applicable here are two statements found in *Ark. State Highway Comm.* v. *Muswick Cigar & Beverage Co.,* 231 Ark. 265 (p. 271), 329 S. W. 2d 173:

"This court has on numerous occasions affirmed the right of the owner of property (and it is pointed out that Hoffman was not the sole owner of subject property) to testify as to its value."

\* \* \*

"Plaintiff resided on the land and was familiar with the conditions, and we think the court was justified in allowing her to state her opinion of the extent of the injury to the land and the depreciation in the value thereof."

In view of what has heretofore been pointed out we are unwilling to say there is no substantial evidence in the record to support the jury verdict.

Affirmed.