## ARKANSAS STATE HIGHWAY COMM'N *v.*
## GUY LEE CLARK ET UX

5-4965                                   444 S. W. 2d 702

Opinion delivered September 22, 1969

*Thomas B. Keys* and *Billy Pease,* for appellant.

*Felver A. Rowell, Jr.,* for appellees.

JOHN A. FOGLEMAN, Justice. The question involved on this appeal is whether there is substantial evidence to sustain a verdict awarding appellees $5,000 for the taking of 5.76 acres of their 40-acre tract for the construction of a controlled-access highway. Appellant contends that neither the testimony of Guy Lee Clark, one of the landowners, nor that of Forrest Griswood, an

expert witness for appellees, constituted substantial evidence. We find that the testimony was sufficient to support the verdict.

The tract lay one mile east and one mile south of Menifee. It was unimproved and constituted a part of a cattle operation conducted by appellees. It was used as a pasture. There was access to the property by a graded dirt road leading to the northwest corner. This access is severed by the new highway. After the taking 1.12 acres remained north and east of the right-of-way and 33.13 acres south and west thereof. It is conceded that the south residual is without access. Expert witnesses for both appellant and appellees state that the value after the taking depends upon possible sale of the remaining lands to adjoining owners. Testimony on the value of the whole tract before the taking ranges from Clark's opinion of $8,000 and those of appellant's appraisers of $3,000. Opinions of values after the taking range from Griswood's figure of $1,712 down to Clark's $750. Appellant's witnesses fixed this value at $1,000 and $1,050, respectively.

The qualifications of Forrest Griswood, manager of Central Arkansas Production Credit Association for $10\frac{1}{2}$ years, are not attacked. He described the tract as upland woodland having a highest and best use as pasture for livestock. He stated that 20 head of cattle, or a cow to every two acres, could be "run" on this tract before the taking. He said that there was a small pond upon the tract. The grass on the land was native.

Griswood testified that the value of the whole tract on March 30, 1966, was $5,000 or $125 per acre. He valued the residual tracts at $50 per acre. This indicated just compensation to be $3,288. Appellant says that this testimony was not substantial because the sales upon which Griswood relied were not comparable.

Griswood referred to sales of wooded pasture near

Plumerville. One of them, made in May 1966, was from Marks to Poteete. This tract located on Highway 64 consisted of 120 acres of land about 1¼ miles south and west of Plumerville. Roughly, 75 acres were open and the remainder woods and brush. He said the transaction was a forced sale handled by him through the association by which he was employed. The total consideration was $15,000, of which he estimated that the land brought $10,000 or $83.33 per acre after deducting $5,000 for a house and barn on the property. Another was the 1963 sale by Nisler to Davidson of 159 acres for $21,000 or $138 per acre. This acreage was four miles north of Plumerville on Highway 92. After allowing for improvements, he felt that the land brought approximately $15,000, or about $94 per acre. This tract consisted of 80 percent open pastureland with a good pond. It had improvements and better access quality than the lands of appellees. In this respect Griswood admitted that this sale could not be called comparable to the Clark land.

Still another sale considered by Griswood was that of 80 acres 1½ miles east of Plumerville by one Thomas to a buyer named Stobaugh in April 1966. It was partially open and partially wooded pastureland, having no improvements except a small house which he valued at $200 to $300. Even though this tract was located on Highway 64, it was his opinion that the highway frontage at this point was not desirable for home sites and no more valuable than the rest of the land. He conceded that level land, such as this, and land on a paved highway were more valuable than land like that of appellees.

In determining comparability of sales we must always remember that no two tracts of land are identical and that the court must allow reasonable latitude in evaluating sales. *Arkansas State Highway Commission* v. *Sargent,* 241 Ark. 783, 410 S. W. 2d 381; *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 922, 440 S. W. 2d 563. In determining substantiality of the evidence to support a verdict, we review the tes-

timony in the light most favorable to appellees and indulge all reasonable inferences in favor of the judgment. *Arkansas State Highway Commission* v. *Carder*, 228 Ark. 8, 305 S. W. 2d 330; *Arkansas State Highway Commission* v. *Sargent, supra*. Assuming, without deciding, that the first two sales were not sufficiently comparable to the Clark lands to afford a reasonable basis for the value testimony of this witness, we cannot say that the Thomas-Stobaugh transaction was shown to be so dissimilar as to afford no basis for the testimony of this witness. It was incumbent upon appellant to show that a witness competent to testify as to land values has no reasonable basis for his opinion before we can say that his testimony on the subject is not substantial. *Arkansas State Highway Commission* v. *Johns*, 236 Ark. 585, 367 S. W. 2d 436; *Arkansas State Highway Commission* v. *Dixon*, 246 Ark. 756, 439 S. W. 2d 912; *Arkansas State Highway Commission* v. *Duff*, 246 Ark. 922, 440 S. W. 2d 563.

Since the testimony of Griswood is less than the amount of the jury verdict, the only support for it must be found in the testimony of Guy Lee Clark, Jr., one of the landowners, a farmer and rancher. He testified that this land was worth $200 per acre before the taking and that the remainder, because of the lack of access was worth only $25 per acre. On cross-examination, Clark said that he was using this tract in a pasture program in conjunction with other lands he purchased along with it. The total acreage amounted to 496, for which he paid $30,000, or an average of about $60 per acre. He did not state and was never asked the date of this purchase. He described the land as not heavily wooded and as being, in part at least, as good land as there was in Arkansas. He estimated that he was running "a couple of head of cattle" on the land at the time of the taking but could not say how many because he was using it with the other lands. Prior to the taking he had "bush hogged" the land and utilized it for shade. He stated that his opinion was based on no sales and that the only

land he knew of selling in the area was cropland within a mile of this tract which sold for $400 per acre. The only other reason he could give for believing his land had the value he assigned to it was that he had tried to buy land and that there was none for sale, even at $200 per acre.

Since Clark did not base his opinion on comparable sales, appellant's assertion that he did not show that he was acquainted with the market and other sales in proximity to his lands relied upon by appellant's experts is of little consequence. Appellant never asked Clark about his knowledge of these sales or for an explanation of their comparability. Consequently, it is in no position to contend that this lack of knowledge made his testimony insubstantial. *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 922, 440 S. W. 2d 563.

This situation is unlike cases in which we have found the testimony of a landowner insubstantial because of his unfamiliarity with the land in question, his failure to give any basis for his opinion or his reliance upon values indicated by comparable sales as the sole basis for his opinion. See e. g., *Arkansas State Highway Commission* v. *Darr,* 246 Ark. 203, 437 S. W. 2d 463; *Arkansas State Highway Commission* v. *Ring,* 247 Ark. 170, 444 S. W. 2d 705; *Arkansas State Highway Commission* v. *Roberts,* 246 Ark. 1216, 441 S. W. 2d 808; *Arkansas State Highway Commission* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738; *Arkansas State Highway Commission* v. *Coffman,* 247 Ark. 149, 444 S. W. 2d 689. Here the landowner described the land thoroughly, expressed his opinion as to its quality, related the futility of his efforts to purchase lands, even at $200 per acre, and told of improvements made to better adapt the property to the use to which it was devoted. His description of the utilization of the property, coupled with that of Griswood as to the

170

capacity of the land to support the cattle production, gave a reasonable basis for his testimony. His opinion related to its capacity and desirability for agricultural use rather than to comparable sales data. It had sufficient basis to constitute evidence as substantial as we found in the testimony of property owners in *Arkansas State Highway Commission* v. *Holt,* 242 Ark. 287, 413 S. W. 2d 643; *Housing Authority* v. *Angel,* 239 Ark. 224, 388 S. W. 2d 394; *City of Springdale* v. *Keicher,* 243 Ark. 161, 419 S. W. 2d 800. Even though many of the suggested infirmities in Clark's testimony have great bearing on the weight of his testimony, we cannot declare it insubstantial on this basis.

The judgment is affirmed.

BYRD, J., concurs.