## ARKANSAS STATE HIGHWAY COMM'N *v.* Loyd COFFMAN ET UX

5-4947                                   444 S. W. 2d 689

Opinion delivered September 22, 1969

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Guy H. Jones, Phil Stratton* and *Joe Cambiano,* for appellees.

GEORGE ROSE SMITH, Justice. This is a condemnation proceeding in which the highway department is taking, as a right-of-way for Interstate 40, a strip of land comprising 14.09 acres along the southern edge of a 50-acre tract owned by the appellees. The appeal is from a verdict and judgment fixing the landowners' compensation at $65,000.

The appellant first insists that it was entitled to a change of venue. The proof offered to support the motion was subject to the same defects as that offered in *Arkansas State Highway Comm'n* v. *Leavell,* 246 Ark. 1049, 441 S. W. 2d 99 (1969); so, for the reasons stated in that opinion, the motion for a change of venue was properly overruled.

The appellant's principal arguments center upon the substantiality of the testimony adduced by the landowners. They first introduced two expert witnesses, C. V. Barnes and Lloyd Pearce. Barnes valued the strip taken at $650 an acre and the tract as a whole before the taking at $550 an acre. He fixed the landowners' total damages at $54,000, much of which derived from the taking of, or depreciation of, improvements. Pearce, whose conclusions were essentially similar to those of Barnes, valued the land at $500 an acre and arrived at total damages of $56,450.

We need not discuss in detail the testimony of the two expert witnesses, for both of their estimates of the landowners' just compensation were substantially below

the amount of the jury's verdict. We should observe, however, that just as in *Arkansas State Highway Comm'n* v. *Roberts,* 246 Ark. 1216, 441 S. W. 2d 808 (1969), the witnesses were unable to cite a comparable sale of land in the vicinity at a price sufficient to support the acreage values they attributed to the land. The only specific figures given by Barnes were involved in a sale of land that he admitted not to be comparable to the Coffman property. He stated, merely as a conclusion, that he had considered probably ten or twelve sales "which you would take into account with a greater degree of intensity with reference to the Coffman property." He also stated as a conclusion that he had adjusted noncomparable sales as a basis for his opinion, but again no details were supplied. When asked if he had any sale of comparable property at as much as $550 an acre, Barnes said that he knew of no such sale. A witness for the highway department testified about comparable sales at a much lower selling price.

As we have indicated, the verdict must rest only upon the testimony of the landowner Coffman, who alone fixed the damages at an amount equal to the actual award. Coffman went substantially above the estimates of his own expert witnesses by valuing the land at $1,-000 an acre. On cross examination, however, he was unable to give any reasonable basis for such an exaggerated valuation. Hence his testimony is not substantial proof. *Arkansas State Highway Comm'n* v. *Russell,* 240 Ark. 21, 398 S. W. 2d 201 (1966).

Coffman said that two or three years before the trial a 40-acre tract about a quarter of a mile south of his land had sold for $1,000 an acre. He gave no facts whatever to support a conclusion that the two tracts were comparable within the meaning of the law. See *Arkansas State Highway Comm'n* v. *Witkowski,* 236 Ark. 66, 364 S. W. 2d 309 (1963). To the contrary, he admitted on cross examination that the other sale involved land that fronted on a paved highway and that

was sold for a subdivision, while Barnes had testified
that the highest and best use for the Coffman tract was
as an agricultural unit, "with a potential for urban de-
velopment." The testimony offered by the highway de-
partment was to the effect that the land involved in the
sale cited by Coffman was not comparable to the prop-
erty being considered in the case on trial. According to
that proof, which stands uncontradicted in the record,
the elevation of the other property was more desirable,
that property did not flood like the Coffman land, and
it was bought basically for its commercial area fronting
on the highway. We are compelled to conclude that Coff-
man's testimony was not of such a substantial quality
as to support the jury's verdict.

Reversed and remanded for a new trial.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice dissenting. I respect-
fully dissent from the reversal of this case. The land-
owner was permitted to state his opinion as to the value
of the property involved without objection. There was
no motion to strike his testimony. Even though it might
be considered that the failure to do so is no bar to ques-
tioning the substantiality of the testimony on appeal, it
certainly can be considered as indicative that appellant
did not regard the landowner's testimony to be without
substance at the time.

Coffman went into detail as to how he arrived at
the valuations he gave. He acquired part of the land in
1941 and the remainder in 1952. He constructed his
dwelling house on the lands in 1942, and he and his wife
had resided there continuously since that time. He and
his wife invested their life's earnings in two 12,000-
square-foot chicken houses on the property. One was
built in 1961 and the other in 1963. These chicken houses
were on the 10-acre tract first acquired. The remaining
40 acres had been used for meadow, but Coffman stated

that it was held for future development and that he intended to sell homesites. As a basis for this use he testified that the town had moved around their property, that the trade school, high school and lake lay immediately north and that nice homes had been built farther north. On cross-examination inquiry was not directed as to his knowledge of sales generally. He was only asked whether he knew any land in the area that sold for $1,000 an acre. He knew of the sale of 40 acres by Carl Thines to one Allison, and said that this land lay a quarter of a mile south of him and was sold two or three years previously for a development. Coffman testified that there wasn't much difference in the Thines land and his own, stating that he worked out there for Thines on a dairy farm and helped clean up the land. He said that the Thines land was just an open field. He stated that the property had subsequently been developed into a subdivision and that, as time went by and building there continued, his property got more valuable. As a matter of fact, he valued the 10 acres remaining north of the creek dividing his land at $1,000 per acre after the taking.

I do not see how it can be said that Coffman's testimony was not substantial just because an adverse expert described the sale as non-comparable. The statement that the property was bought basically for the commercial area on the front is certainly hearsay. The Coffman land, according to an expert witness for the state, had a sewer line across it. While the Thines land has such a line now, the state's witness could not recall whether it did at the time of sale or not. Coffman testified that Thines approached him about a right-of-way for a sewer line. The state's witness said that Mr. Allison was intending to build a Ford agency on that land. He stated the opinion that the Thines property was commercial and subdivision. It was admitted on the cross-examination of this witness that the Thines property was probably not in the city limits at the time of the sale but that the Coffman property joined the city

limits. I submit that the majority has weighed the testimony rather than determining its substantiality. The jury was the best judge of the weight to be given to these opinions. It is significant that one of the state's witnesses placed a value of $1,000 per acre on five acres of the Coffman property. This witness was not asked about the Thines-Allison sale at all.

I also disagree with the observation with reference to the testimony of C. V. Barnes for the reason stated in my concurring opinion in *Arkansas State Highway Commission* v. *Roberts*, 246 Ark. 1216, 441 S. W. 2d 808. I do not believe that it is necessary in order to support a witness' opinion that he must be able to cite a comparable sale for an amount equal to or greater than the value placed by him on the subject property. With reference to the sale from Gasper to Kordsmier, Barnes was asked why he thought the Kordsmier sale was comparable. He answered that he didn't say that it was comparable but said that it was property he considered in arriving at his value of the Coffman property. He stated that the property was about the same distance from the central business district as the Coffman property. It also abutted the north city limits of Morrilton but had water, gas, sewer and electricity. Unlike the Coffman property, it was encumbered by a gas line easement. He testified that it was a comparable sale, if you properly adjusted for the difference in the location and other factors, and was a sale to be taken into consideration in arriving at the value of the Coffman property. He also considered a sale of Bostian to Medlock, made at approximately the time of the taking on the Coffman property and which he considered better property than the Coffman property, but placed a lesser value on the property here than the sale price involved in Bostian to Medlock. The Medlock property was approximately one-half mile from that of Coffman. He testified that land in the vicinity of the Coffman property was tightly held. He was asked on cross-examination to give a sale of ''land like this, with a

creek through it." It was to this question that he responded that he knew of no other sale.

I submit that the court is not justified in indicating that the sale in question was not a comparable sale in the sense of constituting a basis for the opinion testimony of an expert witness or in saying that the witnesses were unable to cite a comparable sale of land in the vicinity at a price sufficient to support their acreage values. If the Gasper-Kordsmier sale and the Bostian-Medlock sale were not comparable sales, the burden lay upon appellant to so demonstrate. It did not do so.

I would affirm the judgment of the trial court.