ARKANSAS STATE HIGHWAY COMM'N *v.*
HEIRS AT LAW OF N. D. RING ET AL

5-4976                    444 S. W. 2d 705

Opinion delivered September 22, 1969

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*George J. Cambiano,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant asserts that there is reversible error in this eminent domain proceeding because of the denial of its motion for change of venue and because there was no substantial evidence to support the jury's verdict. We find merit in the second ground for reversal, but not the first.

Appellant's contention as to the change of venue embraces the same arguments we rejected in *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 922, 440 S. W. 2d 563; and *Arkansas State Highway Commission* v. *Leavell,* 246 Ark. 1049, 441 S. W. 2d 99. Appellant does state, however that it is not relying upon Ark. Stat. Ann. § 27-701—27-704 (Repl. 1962) as a basis for its motion for change of venue. It has long been recognized in Arkansas that these statutes govern all proceedings for change of venue in civil cases. *Wise* v. *Martin,* 36 Ark. 305; *St. Louis, I. M. & S. R. Co.* v. *McNamare,* 91 Ark. 515, 122 S. W. 102; *St. Louis, I. M. & S. R. Co.* v. *Transmire,* 106 Ark. 530, 153 S. W. 817; *St. Louis, I. M. & S. R. Co.* v. *Reilly,* 110 Ark. 182, 161 S. W. 1052; *Scott* v. *State,* 173 Ark. 625, 292 S. W. 979; *Desha* v. *Independence County Bridge Dist.,* 176 Ark. 253, 3 S. W. 2d 969. Appellant does not advise, nor do we know, of other governing statutes. Consequently, the holding in the *Duff* case and the *Leavell* case applies here. We cannot say that a trial court abused its discretion in failing to grant a motion which is not supported as the applicable statute requires.

We fail to find substantial evidence to support the

jury award of $3,600 as just compensation. Harold Ring, one of the appellees, was the only witness who testified that the difference in value between appellees' 1.4-acre tract before the taking and the residuals of 0.57 acre and 0.15 acre amounted to more than $3,500. Mr. Ring left Morrilton, near which the lands are located, in 1954. In the interval between his removal from Morrilton and the trial, he has resided at West Memphis and Little Rock and has been employed as a driver for Arkansas Best Freight System. Appellees' attorney admits that this witness was unable to explain the values about which he testified as required by *Arkansas State Highway Commission* v. *Darr*, 246 Ark. 204, 437 S. W. 2d 463. Therefore, we must reverse for lack of substantial evidence to support the verdict, and remand for a new trial.

We find ourselves in the identical position as obtained in the *Darr* case, in spite of appellant's attack on the testimony of Gene Huett, an expert witness, on behalf of appellee. One of the bases of this attack was that Huett only visually observed the house on the 0.4-acre homesite, did not examine the roof, and did not know the age or area of this house. This point might have been well taken were it not for the fact that the witness testified that the house and homesite were not reduced in value by the taking and assigned the same value to them in determining the value of the remainder as he did in estimating the value of the whole property before 0.68 acre was taken.

Appellant also asserts that Huett's testimony was not substantial because: (1) he valued the property on a front footage basis without being sure as to the amount of frontage; (2) he failed to take into consideration the plans and specifications for the project in arriving at his values of the residual property; and (3) because he used the sale of lots from the Deerwood subdivision and other properties in the same area as a basis for the value assigned by him to the Ring property outside the homesite.

The burden was upon appellant to show the lack of a reasonable basis for Huett's testimony. *Arkansas State Highway Commission* v. *Holt*, 242 Ark. 287, 413 S. W. 2d 643. We cannot say it successfully did so, upon the record presented here. Huett's only uncertainty about frontage related to the homesite, and he promptly agreed to or accepted the figure stated by appellant's counsel. Inasmuch as Huett knew the shapes and sizes of the residual tracts and that they bordered on the relocated highway, we find no significance in the fact that he made no study of appellant's construction plans. Even though Huett was inexplicably uninformed as to the consideration and terms of the sale of a tract of land cornering on the Ring property, appellant still did not show that the Deerwood Subdivision was highly developed or that there was no basis for comparison of the properties. Huett testified that he had helped develop a subdivision in Morrilton. One of appellees' witnesses agreed that city utilities were available to the Ring property. Huett said that the road to the property was passable and that houses were being built along it. He stated that the highest and best use for all of the property before the taking was for residential lots. One of appellant's witnesses agreed, and the other ascribed a use as undeveloped residential property. One of them admitted that he also considered some sales of lots in arriving at the values assigned by him. We find nothing in the record to show such a lack of comparability of the subject property and the Deerwood property and other lots referred to by Huett to justify declaring his testimony to be without substance.

We have considered the possibility of offering a remittitur in this case but, as heretofore mentioned, are confronted with the same difficulty we found in *Arkansas State Highway Commission* v. *Darr*, 246 Ark. 204, 437 S. W. 2d 463.