LOUISIANA & NORTHWEST RAILROAD COMPANY v. SMITH.

Opinion delivered February 4, 1905.

CHANGE OF VENUE IN CIVIL CASES—DISCRETION OF COURT.—Under Kirby's Digest, § 7998, providing that the judge may make an order for change of venue in a civil case "if, in his judgment, it becomes necessary to a fair and impartial trial," his discretion will not be interfered with, in the absence of a clear showing of abuse.

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

*J. M. Moore & W. B. Smith,* for appellant.

The venue should have been changed. · 104 Ill. App. 65; 90 Ill. 74; 20 Ill. App. 333; 43 Kan. 307. The statements of plaintiff after he was removed to the sitting room and the answer of the conductor were not part of the *res gestae*. Whart. Ev. § § 258, 267; 48 Ark. 338; 61 Ark. 56; 58 Ark. 179, 55; 119 U. S. 99.

*Magale & McKay* and *Scott & Head,* for appellee.

The application for change of venue was properly denied. 36 So. 440; 38 Wis. 401; 31 Wis. 512; 27 Wis. 409; 46 Ia. 88; 50 Ia. 520; 63 Ark. 135; 28 N. W. 452; 70 Pac. 326; 93 Ala. 293; 29 Atl. 406; 64 Md. 302; 22 Tenn. 154; 131 U. S. 22. The verdict was not excessive. 47 S. E. 862.

RIDDICK, J. This is an appeal from a judgment assessing $5,000 as damages against the defendant company for injury to the plaintiff, a negro brakeman in its employ. The injury occurred in Columbia County, and the action to recover damages was brought in that county. The defendant filed a motion in due form for a change of venue, alleging that it could not obtain a fair and impartial trial in Columbia County "on account of the undue prejudice existing against it in said county," which petition was supported by the affidavits of four persons. The plaintiff thereupon filed controverting affidavits of parties who denied that there was any such prejudice as would prevent a fair and impartial trial of the case in that county. The court, after hearing evidence of witnesses, overruled the petition for a change of venue, and defendant excepted, and now asks a reversal of the judgment on that ground.

The evidence shows that there was some prejudice existing in that county against the defendant, but the act of 1899 leaves the matter of a change of venue in civil cases to the discretion of the trial judge. The act allows the opposite party to controvert and resist the petition, and provides that after consideration thereof the circuit judge "may make an order for the change of venue in such action if in his judgment it becomes necessary to a fair and impartial trial." Kirby's Digest, § 7998. It does not require him to make it, but, as before stated, leaves it to his discretion. We may concede that this power to refuse a change of venue could not be arbitrarily exercised, and is subject to review when the evidence clearly shows that it is necessary to obtain an impartial trial; but, without going into a discussion of the evidence, we have to say that the facts in this case do not justify us in interfering with the discretion of the trial judge as to the necessity of a change of venue.

The plaintiff was a negro brakeman, who lived in Louisiana, and it is not probable that he had any personal influence on the jury. Taking into consideration that he was a man entirely without influence in the county, the judge, no doubt, concluded that, under the facts proved, it was not necessary to change the venue in order to obtain a fair and impartial trial, and we are not able to say that his decision was clearly wrong.

There are other questions raised by the appeal, but, after considering them, we find no reversible error. On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.