## MEARS *v.* STATE.

### Opinion delivered October 21, 1907.

1. INDICTMENT—MISJOINDER OF OFFENSES—WAIVER.—The objection that an indictment improperly joined two offenses is waived by defendant's failure to demur to it on that account.   (Page 139.)

2. BANKS—FALSE ENTRIES ON BOOKS.—In a prosecution under Kirby's Digest, § 1726, providing that any person who, with the intent to defraud, shall make any false entry or shall falsely alter any entry upon the books of account of any banking corporation shall be punished as for forgery, instructions which made the accused's guilt to depend upon whether he made false entries on the bank's books were erroneous in omitting the intent to defraud as an element of the crime.   (Page 139.)

3. EVIDENCE—EXISTENCE OF CORPORATION.—In a prosecution for altering the books of a banking corporation with intent to defraud, it is sufficient to prove that there was such a corporation *de facto,* which may be proved by general reputation.   (Page 140.)

4. SAME—NAME OF CORPORATION.—In a prosecution for altering the books of a banking corporation, the allegation as to the name of the corporation may be sustained by evidence that it was known by such name.   (Page 140.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT BY THE COURT.

The grand  jury of Little  River County indicted  E. A. Mears for making false entries in the books of a banking corporation as follows:

"The grand jury of Little River County, in the name and by the authority of the State of Arkansas, accuse the defendant, E. A. Mears, of the crime of making false entries, committed as follows, viz: The said defendant, in county and State aforesaid, on the 18th day of November, 1904, then and there being cashier of the First Bank of Winthrop, a corporation organized under the laws of the State of Arkansas, and engaged in the banking business in the town of Winthrop, in said county, did unlawfully and feloniously make two several entries upon the books of account of the said Bank of Winthrop, showing credit to himself for the sum of five hundred dollars and two hundred dollars respectively, when said entries were false, and the said E. A. Mears was not then and there entitled to credit on said books for the sum so entered, or any other sum; that said entries were made with the felonious intent to defraud said Bank of Winthrop, and to claim credit for said sum in violation of the law, against the peace and dignity of the State of Arkansas."

The defendant demurred to the indictment on many grounds, and the demurrer was overruled by the court.

It was proved that entries were made by the defendant upon the books of a bank of Winthrop, in this State, of which he was president. Evidence was adduced to prove them false. As it will not be necessary to determine its sufficiency to sustain the verdict, it will not be necessary to state it or its substance in this opinion.

The court instructed the jury over the objection of the defendant as follows:

"2. If the jury believe from the evidence beyond a reasonable doubt that the defendant took credit upon the books of the Bank of Winthrop, that such bank was at that time a corporation, and that at the time of taking such credit he was not entitled thereto, and knew that he was not entitled to such credit; you will convict the defendant."

"4. You are further instructed that he would not be authorized to take credit upon the books of the bank for any claim or demand to himself in the way of services or in promoting said bank until such claim or demand has been audited and allowed by the board of directors of such bank."

"5. If the jury believe from the evidence beyond a reason-

able doubt that the defendant and others formed themselves into an association under the laws of the State of Arkansas for the purpose of operating a banking institution, and proceeded to execute articles of agreement and incorporation, and caused the same to be filed with the county clerk of Little River County, and in the office of the Secretary of State for the State of Arkansas, and thereupon began operating as such bank under such articles of agreement, they would be estopped to deny or assert that such association was not a corporation, although at the time of some of the transactions herein complained of said articles of association had not been filed with the Secretary and his certificate thereof issued."

And refused to instruct the jury at the instance of the defendant as follows:

"1. You are instructed that the First Bank was not a corporation until its articles were filed with the Secretary of State; and if the persons composing such association did business before that time, they did it as private individuals, or as a company, but not as a corporation."

And the defendant asked for the following instructions, and the court, after amending them by incorporating the words in brackets over the objections of the defendant, gave them as amended:

"2. You are instructed that if the defendant ordered books and other stationery before the bank was incorporated, it used them, and he was entitled to credit in the books of the bank for them, and if he made such credit it was not a false entry, [if you further find that such supplies were charged to the defendant, and not to the bank.]"

"5. You are instructed that if it is shown by the evidence that the defendant drew up the articles of incorporation, and spent time in securing subscribers thereto, and performed other services that were accepted by the corporation, he was entitled to a credit on the books of the bank for the amount they were reasonably worth, and was entitled to a credit on the books of the bank for the same [after the same had been allowed by the board of directors]. You are instructed that the defendant is entitled to the benefit of every reasonable doubt; and by reasonable doubt is meant that, unless you have a firm and abiding

conviction to a moral certainty of the truth of the charge, you must acquit the defendant."

The defendant was convicted, and his punishment was assessed at two years' imprisonment in the State penitentiary, and he appealed.

Appellant *pro se.*

*William F. Kirby,* Attorney General, and *Daniel Taylor,* for appellee.

1. The indictment is sufficient. The crime is stated with such degree of certainty as to enable the court to pronounce judgment upon conviction, according to the right of the case, and there is no defect therein tending to prejudice the substantial rights of the defendant upon the merits. Kirby's Digest, §§ 2228-9.

2. The effect of the court's fifth instruction is that the doctrine of estoppel is applicable in a criminal case. On this point authorities are divided, but it is submitted that the weight of authority, as well as the better reason, supports the view that the doctrine of estoppel does apply in criminal case. Supporting this view, see 26 L. R. A. 252; 32 Gratt. (Va.) 899; 24 Kan. 1; 11 Wheat. 393. *Contra,* 60 Ia. 478; Hughes' Crim. Law & Proc. §§ 537, 3185; Gillett, Collateral Ev. § 119.

3. The first instruction asked by appellant was properly refused, if the word "corporation" in the statute means a corporation *de facto* as well as *de jure.* This was at any rate a corporation *de facto.* Clarke on Corporation, 86. In a prosecution for an offense committed on the property of a corporation, proof that it was a corporation *de facto,* doing business as such in the corporate name set out in the indictment, is sufficient. 28 Fla. 169; 49 Cal. 342; 29 Fla. 439; 28 Ind. 321; 74 Ind. 337; 28 Neb. 832; 18 O. St. 366; 58 Ark. 98. See also Kirby's Digest, § 3084.

BATTLE, J., (after stating the facts). The indictment was sufficient, unless it be defective because it charged the defendant with two offenses; but this defect, if a defect, was waived by the failure to demur to it on that account. *Ince v. State,* 77 Ark. 426, 428.

The indictment was based upon the following statute: "Every person who, with the intent to defraud, shall make any

false entry, or shall falsely alter any entry made in any book of account by any banking corporation within this State, or in any book kept by such corporation, by which any pecuniary obligation, claim or credit shall be or purport to be discharged, diminished, increased, created, or in any manner affected, shall, on conviction thereof, be punished as for forgery," which is by imprisonment in the State penitentiary not less than two years nor more than ten years. Kirby's Digest, § 1726.

The statute makes an intent to defraud an essential element of the offense charged. Instructions given at the instance of the State numbered 2 and 4, and modifications in instructions numbered 2 and 5, given at the request of the defendant, taken in connection with the instruction numbered 2 given at the instance of the State, made it unnecessary to prove such intent in order to convict, and for that reason were and are fatally defective and prejudicial.

It was sufficient to prove the existence of the corporation mentioned in the indictment to show that there was such a corporation *de facto,* and evidence of general reputation of its corporate existence is competent to prove it. Section 3084 of Kirby's Digest; *Fleener* v. *State,* 58 Ark. 98, 102. As to what is necessary to constitute a *de facto* corporation, see *Whipple* v. *Tuxworth,* 81 Ark. 391. The name of the corporation as alleged in the indictment may be shown by evidence that it was known by such name. *Bennett* v. *State, ante* p. 97.

In view of the evidence in the case and what we have said as to corporations *de facto,* it is unnecessary to notice instruction numbered 5 and given at the instance of the State, as it was not prejudicial.

Reverse and remand for a new trial.