HALE v. STATE.

Opinion delivered January 10, 1921.

1. CRIMINAL LAW—CHANGE OF VENUE—WITNESSES.—Under Kirby's Digest, § 2318, a motion for change of venue on the ground of prejudice in the minds of the inhabitants of the county must be supported by the affidavits of two credible persons who are electors and actual residents of the county; hence, where one of two affiants was not a qualified elector, bystanders can not be called to testify in support of the motion.

2. JURY—OPINIONS BASED ON RUMOR OR NEWSPAPER REPORTS.—Jurors were not disqualified by reason of opinions based on rumor or newspaper reports which it would require evidence to remove, if nevertheless they could give defendant a fair and impartial trial according to the law and the evidence.

3. CRIMINAL LAW—INCOMPETENT EVIDENCE—EFFECT OF WITHDRAWAL. —The erroneous admission of the testimony of an insane person was cured by its subsequent withdrawal.

4. WITNESSES—CROSS-EXAMINATION.—In a prosecution for homicide, it was not competent for the defendant, on cross-examination of State's witness, to elicit testimony that the witness had heard that defendant had made threats against the witness, nor to interrogate the witness as to the name of his informant.

5. WITNESSES—CROSS-EXAMINATION.—In a criminal prosecution, it was not competent for the defense to ask a State's witness, on cross-examination, whether he had heard defendant's brother make threats against another witness, where it does not appear that defendant was present.

6. WITNESSES—IMPEACHMENT.—In a criminal prosecution where defendant on cross-examination elicited from a State's witness that a brother of defendant, in the latter's absence threatened another witness if he gave certain testimony, such testimony was incompetent and immaterial; and it was not error to refuse to permit defendant's brother to contradict the State's witness, especially since the brother had disobeyed the court's order placing the witnesses under the rule.

7. CRIMINAL LAW—HARMLESS ERROR.—Where the State's objection to testimony by defendant was sustained, but he was permitted to answer the question objected to, this was tantamount to a withdrawal of the court's ruling.

8. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY—OBJECTION. —Where, during the closing argument of the prosecuting attorney, the audience applauded, and defendant objected to the applause, and the court reprimanded the audience, but defendant did not ask that the remarks of the prosecuting attorney be withdrawn, he can not, on appeal, complain because such remarks were not withdrawn.

Appeal from Perry Circuit Court; *Archie House,* Judge; affirmed.

*Edward Gordon, J. N. Bowen* and *Sellers & Sellers,* for appellant.

1. The court erred in refusing the change of venue and in its rulings as to the qualifications of jurors for cause. A juror who has formed any opinion on the case is *prima facie* incompetent. The jurors should have been rejected on defendant's challenge for cause. 56 Ark. 381; 113 *Id.* 301; 102 *Id.* 181.

2. It was error to permit witness Joe Wyatt to testify, as the testimony showed he was mentally unbalanced and did not know the nature of an oath. The witness, W. J. Stone, should have been allowed to answer questions as to threats made. It was also error to sustain the objections as to questions asked Arthur Kelley. The ruling was reversible error. Article 2, § 13, Constitution; 72 Ark. 461.

3. Many errors in the court's rulings as to the admission and exclusion of testimony of witnesses were made and the court permitted the audience in the courtroom to cheer and applaud the argument of the State's attorney in his closing argument and in not telling the jury that the argument was improper. On the law and the record, defendant did not obtain a fair and impartial trial.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. The offer to call bystanders did not in any wise comply with our statute. Kirby's Digest, § 2317.

2. None of the jurors accepted were disqualified, as their opinions were formed from newspaper reports and rumors. They were qualified jurors and there was no error in accepting them. 132 Ark. 518; 135 *Id*. 530.

3. There were no reversible errors in the admission or exclusion of testimony. 14 Enc. of Ev., p. 596.

4. The statement of the prosecuting attorney in argument to the jury was merely the expression of an opinion and not improper. 95 Ark. 172.

McCulloch, C. J. The indictment against appellant charged the crime of murder in the first degree in the killing of Birdie Wyatt, but he was convicted of murder in the second degree, and his punishment was fixed at twenty-one years in the penitentiary. Appellant filed a petition for change of venue, accompanied by the supporting affidavits of F. C. Taylor and G. L. Loucks, but on the examination of Loucks it was developed that he

was not a qualified elector of the county, which left only Taylor as a supporting affiant. The statute provides that a change of venue in a criminal case can only be ordered when the petition is "supported by the affidavits of two credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way." Kirby's Digest, § 2318. When the court announced its ruling denying the petition for the change of venue, appellant's counsel asked permission to call as witnesses two bystanders, one of them the sheriff of the county, to prove that the minds of the inhabitants of the county were so prejudiced against appellant that he could not obtain a fair and impartial trial. This request was overruled, and error of the court is assigned in the ruling.

The statute, above quoted, requires that the petitions for change of venue must be supported by the affidavits of two credible persons. This requirement is not complied with by calling witnesses to testify on the subject in open court. A person can not be compelled to join in a supporting affidavit on petition for a change of venue, as the statute contemplates that the supporting affidavits shall be the voluntary acts of the persons themselves. There was no error of the court in its refusal to permit appellant to call witnesses in support of his petition. *Whitehead* v. *State,* 121 Ark. 390.

The examination of a great many of the jurors is set forth in the record, and it is urged that the court erred in its rulings as to the qualifications of the jurors. All of them testified, in substance, that they had opinions as to the guilt or innocence of the defendant, based upon rumor or newspaper reports, and that it would require evidence to remove those opinions, but that, notwithstanding those opinions, they could go into the jury box and give the accused a fair and impartial trial according to the law and evidence as presented. The jurors were not disqualified by that state of mind based upon mere rumor or newspaper report. *McGraw* v. *State,* 113 Ark. 301.

It is next urged that the court erred in permitting witness Joe Wyatt, brother of the deceased, to testify in the case when it was shown that he was mentally unbalanced and did not know the nature of an oath. The record shows that the court, after permitting the witness to testify, ruled that he was incompetent and directed the jury not to consider his testimony. This constituted a withdrawal of the testimony from the jury, and we must assume that the members of the jury obeyed the directions of the court and disregarded the testimony. It is unnecessary, therefore, to determine whether or not the witness was lacking in mental capacity so as to disqualify him from testifying.

Witness W. J. Stone, who was introduced by the State, gave testimony concerning alleged statements made to the witness by appellant concerning the killing of Birdie Wyatt and on cross-examination appellant's counsel asked the witness if any one had told him that appellant had threatened to kill witness, to which inquiry witness replied that he had heard of such threat. Thereupon appellant's counsel asked the witness who told him of the threat, and the court sustained the objection of the prosecuting attorney to that question. This ruling is assigned as error. The statement of the witness to the effect that he had heard of a threat said to have been made by appellant was not competent, and appellant had no right to draw it out from the witness on cross examination and to inquire the name of his informant concerning this said alleged threat.

Witness Arthur Kelly, who was introduced by the State, testified in regard to an alleged attempt on the part of appellant to induce the witness to testify falsely, and on cross-examination appellant's counsel asked the witness if he had heard that the defendant threatened to kill him. The witness replied that he had not heard of any such threat coming from appellant, but that he had heard appellant's brother, George Hale, state to Wilhite, another witness in the case, that if Wilhite swore certain things he would not get back home. This

amounted to proof of a threat on the part of appellant's brother, but it was not shown that appellant was present, and the testimony was not competent. However, appellant drew it out himself on cross-examination and did not make any objection and cannot complain now of that testimony. He offered to introduce his brother George to prove that he had not made any such statement to Wilhite, but the court refused to permit him to introduce George Hale as a witness because the latter had remained in the court room in disobedience of the order of the court putting the witnesses under the rule. The testimony of witness Kelly on this subject being incompetent and immaterial and having been brought out by appellant himself, he was not entitled to introduce other testimony contradicting it. There was no error in refusing to permit witness George Hale to testify.

Error of the court is assigned in refusing to permit appellant as a witness in his own behalf to contradict the statement of witness Stone as to what appellant had said to the latter. The record recites that the State's objection to this testimony was sustained, but that notwithstanding that the witness was permitted to answer the question without further objections and testified that he had made no such statement to witness Stone. This was tantamount to a withdrawal of the court's ruling and permission to appellant to testify on the subject.

During the closing argument of the prosecuting attorney applause by the bystanders was evoked at three different times, the remark on the last occasion being set forth in the record, and it is insisted that the court erred in not excluding it from the jury. The record shows, however, that the objection was not to the remark of the attorney, but to the applause, and that the court promptly reprimanded the audience and gave an admonition that further applause would not be permitted. The recital in the record is that the form of the objection was "we object," and the court understood it to relate solely to the applause and not to the remark of the prosecuting at-

torney, and gave the admonition and reprimand to the audience accordingly. Counsel for appellant made no further request of the court and did not ask that the remarks of the prosecuting attorney be withdrawn.

There are other assignments of error which are not of sufficient importance to discuss.

After a careful consideration of the record, we are of the opinion that there is no error and the judgment is therefore affirmed.