ARK. STATE HIGHWAY COMM. *v.* FOWLER

5-3836                                            401 S. W. 2d 1

Opinion delivered April 4, 1966

*Thomas B. Keys,* for appellant.

*Cole & Scott,* for appellee.

JIM JOHNSON, Justice. This condemnation action was brought by appellant Arkansas State Highway Commission to acquire 18.58 acres of land for highway purposes from appellees J. Houston Fowler and his wife. A complaint and declaration of taking was filed in Hot Spring Circuit Court on May 27, 1964, and $4,-850 was deposited in the registry of the court as estimated just compensation. At trial on July 13, 1965, appellant's value witnesses testified that appellees' damages were from $3,000 to $3,250, whereas appellees' value witnesses placed the damage from $12,086 to $15,-000. The jury returned a verdict for $12,000. From judgment on the verdict comes this appeal.

Appellant's first point urged for reversal is that the trial court erred in refusing to strike the appellees' expert witness' testimony as to the value of the land because it was based upon a purchase by the State Highway Department.

Mr. George McClure, appellees' expert witness, after establishing his expertise by impressive qualifications and experience, on direct examination went into a careful, detailed and lengthy explanation of how he arrived at the valuation of various parts of the property taken. On cross-examination after being cross-examined for thirteen pages of the transcript on how he had arrived at a value of $200 per acre for certain pasture land, this colloquy followed:

Q. What I wanted to know was what others sold for, if you considered them?

A. One thing, it might influence you a little bit, you [the Highway Department] paid a little over $200 an acre for land that joined that. You settled with one man there. You all thought it was worth $200 an acre then and you don't today.

Q. This influenced you in appraising this property?

A. No, I wouldn't say that. I would have placed that same value without that.

Appellant immediately moved to strike McClure's value testimony on the pasture land as inadmissible. The trial court refused to strike the testimony but admonished the jury to disregard and forget the statement concerning amounts paid by the highway department for neighboring land.

A recent decision is clearly applicable: *Arkansas State Highway Commission* v. *Russell*, 240 Ark. 21,

398 S. W. 2d 201. The entire opinion is pertinent here but for brevity we quote only the following:

> "The cross-examining attorney, however, is not entitled to embark on a fishing expedition with immunity from any unfavorable information he may elicit. He acts at his peril in putting a question that may evoke an answer damaging to his own case."

Appellant's second point is a related one, that the trial court erred in permitting appellee Fowler to testify as to the value of his land before the taking and after the taking over the objection of appellant and then not striking the testimony because Fowler gave no basis for his evaluations and did not make a before and after appraisal.

Appellee testified on direct examination that his land was worth $65,000 and that there was a difference after the taking of $15,000. On cross-examination appellee was asked:

> Q. In arriving at the value before and after the taking, did you just add damages and conclude that there was $15,000 worth of damages and subtract it from $65,000?

to which appellee replied, "That is exactly my way of thinking." Appellant then moved to strike appellee's testimony on before and after value, which was properly denied. The rule stated in the first point is equally applicable to this cross-examination testimony.

On appellant's objection to permitting appellee, admittedly not an expert witness, to testify as to the value of his land before the taking and after the taking, Arkansas cases support the rule on opinion evidence of a property owner expressed in 20 Am. Jur., Evidence, § 892:

> "It is generally recognized that the opinion testi-

mony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

See *Arkansas State Highway Commission* v. *Russell, supra; Arkansas State Highway Commission* v. *Muswick Cigar & Beverage Co.,* 231 Ark. 265, 329 S. W. 2d 173; *Jonesboro, Lake City & Eastern Railroad Company* v. *Ashabranner,* 117 Ark. 317, 174 S. W. 548. Appellant's contention is without merit. Appellee purchased this property during the 1930's, lived on it, worked it, terraced it and otherwise improved it during the intervening years. As the owner he is clearly competent to express his opinion of the before and after value of his property.

Having thus determined that there was no error in the admissibility of the testimony of appellees' value witnesses, we find no merit in appellant's third point which questions the substantiality of evidence to support the verdict.

Affirmed.