ARKANSAS STATE HIGHWAY COMMISSION v.
JOSEPHINE MAUS, ET AL

4676                                432 S.W. 2d 478

Opinion Delivered October 14, 1968

*Thomas B. Keys* and *Billy Pease* for appellant.

*Laws & Schulze* for appellees.

J. FRED JONES, Justice.    By condemnation under eminent domain, the Arkansas State Highway Commission took 60.8 acres of a 66 acre tract of land belonging to Joe Maus in Pope County, Arkansas. The commission paid $6,140.00 into the registry of the court as estimated compensation.    A jury trial in the Pope County Circuit Court resulted in a judgment for Maus in the amount of $16,400.00 and the highway commission has appealed.    It designated the points upon which it relies for reversal as follows:

> "The court erred in not striking the value testimony of one of the owners, Mr. Joe Maus.

> "The verdict is not based upon substantial evidence and is excessive.

"The trial court erred in allowing appellees to introduce testimony as to the substantial increase in population of Pope County to prove that the general county population increase would raise the land values in the vicinity of Atkins, Arkansas."

When a part of an owner's tract of land is taken by eminent domain in this state, the rule is well settled that his just compensation is measured by the difference in the value of the land, when put to its highest and best use, immediately prior to the taking and immediately after the taking. *Ark. State Highway Comm.* v. *Fox,* 230 Ark. 287, 322 S.W. 2d 81.

The appellee, Joe Maus, was 66 years of age and had lived all of his life on the property involved. He acquired the property by inheritance from his father who had likewise acquired it from appellee's grandfather. Appellee had dairy farmed and truck farmed on the property for many years. He had planted and tended locust and pine trees on parts of the property and his overall testimony indicates a familiarity with the general land values in the area of the land taken by the appellant highway department. Certainly Mr. Maus was qualified to assert a land owner's opinion as to the value of his land and his testimony on this point was admissible. In *Ark. State Highway Comm.* v. *Fowler,* 240 Ark. 595, 401 S.W. 2d 1, we quoted with approval from 20 Am. Jur., Evidence § 892, as follows:

"It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

On direct, as well as on cross-examination, Mr. Maus testified as to different acreage values of various areas pointed out on a map or plat exhibit, and in totaling the values of the various plots his testimony indicates an error of $900.00 in his mental calculation of the value of the six acres remaining after the taking, and of $350.00 in his calculation of the value after the taking, but his testimony is clear that in his opinion the difference in the before and after value of his land amounted to $21,500.00. Even if a part of Maus' testimony had been incompetent, if a part of it was competent, a motion to strike all of it would be properly denied. *Arkansas State Highway Comm.* v. *Darling,* 243 Ark. 386, 420 S.W. 2d 94; *Ark. State Highway Comm.* v. *Carpenter,* 237 Ark. 46, 371 S.W. 2d 535.

Maus was competent to testify as to his opinion on the value of his land and we hold that the motion to strike his testimony was properly denied by the trial court.

Appellant's second point, as to whether there was substantial evidence to support the verdict of the jury, presents a question of law. *Arkansas State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S.W. 2d 738; *Ark. State Highway Comm.* v. *Dupree,* 228 Ark. 1032, 311 S.W. 2d 791. In determining the sufficiency of the evidence to support a jury verdict on appeal, we consider the evidence in the light most favorable to appellee. *Mutual Benefit Health & Accident Association* v. *Basham,* 191 Ark. 679, 87 S.W. 2d 583; *Ark. State Highway Comm.* v. *Carder,* 228 Ark. 8, 305 S.W. 2d 330.

The appellee, Joe Maus, testified that in his opinion the difference in the value of his land before and after the taking was $21,500.00. This testimony is based upon his familiarity with the land as owner and lifetime resident.

Mr. Jackson Ross, a real estate broker of considerable experience and knowledge in land appraisals and

local market values, testified as an expert for appellee. He testified that the value of appellee's land before the taking was $24,300.00 and that after the taking its value was $3,000.00, leaving a difference of $21,300.00 as just compensation for the land taken.

Mr. Watson and Mr. Jordon testified as expert appraisers for the appellant, and on a before and after appraisal came up with a difference of $6,150.00 and $5,-715.00 respectively.

We find no evidence that the jury was influenced or prejudiced by the admission of appellant's expert witness on cross-examination, that Pope County is the fastest growing county in the state, and we find no merit to appellant's third point.

The jury verdict was for $16,400.00 which was $4,-900.00 less than appellee's lowest estimate and $10,250.00 more than appellant's highest estimate. We conclude that there was substantial evidence to support the jury verdict and that the judgment of the trial court should be affirmed.

Affirmed.