Arkansas State Highway Commission v.
William H. Duff, et al

5-4881                                         440 S.W. 2d 563

Opinion Delivered May 12, 1969

[Rehearing denied June 2, 1969.]

*Thomas B. Keys* and *Billy Pease* for appellant.

*Gordon, Gordon & Eddy* for appellees.

JOHN A. FOGLEMAN, Justice.   This appeal comes from a judgment awarding appellees $8,500 as just compensation for the taking of 19.54 acres out of a 59-acre tract of land.   Two grounds for reversal are asserted. The first is an allegation of error in the denial of appellant's motion for a change of venue.   The second is the contention that the verdict is not based on substantial evidence and that it is excessive.   These points will be discussed in the order mentioned.

Before the date the case was set for trial, appellant filed a motion for a change of venue.   The allegation that appellant could not obtain a fair and impartial trial in Conway County, Arkansas was based upon a list of 15 cases in which juries in that county had awarded compensation to owners of lands taken by appellant under the power of eminent domain in amounts substantially in excess of the amounts stated to be just compensation by witnesses called by appellant.   The motion was verified on behalf of appellant by its attorney. No affidavit in support of the motion for change of venue was filed. In support of its motion, appellant offered only the record of the testimony of another one of its attorneys. This was presented when the case was called for trial.   He stated that he had personal knowledge of some of the awards and had knowledge of the value testimony adduced by the parties on the issue of just compensation.

His investigation covered the period from June 19, 1967, through July 20, 1968. He investigated the transcripts and files prepared by attorneys for appellant who tried cases in that county during that period. His testimony simply confirmed the allegations of the motion for a change of venue enumerating the amounts of the jury awards and the amounts indicated as just compensation by expert witnesses for both parties in each case.

Our statute requires not only that a motion or petition for change of venue be verified, but, in addition, that it be supported by the affidavit of at least two credible persons that they believe the statements of the petition are true. Ark. Stat. Ann. § 27-701 (Repl. 1962). The motion may be resisted and the judge of the trial court may make an order for the change of venue if in his judgment it be necessary, for a fair and impartial trial. Ark. Stat. Ann. § 27-703 (Repl. 1962). Venue of a civil action shall not be changed unless the court or judge finds that the same is necessary to obtain a fair and impartial trial of the cause. Ark. Stat. Ann. § 27-704 (Repl. 1962). The granting or denial of a change of venue lies largely in the discretion of the trial judge. *Louisiana & Northwest Rd. Co.* v. *Smith,* 74 Ark. 172, 85 S.W. 242; *Desha* v. *Independence County Bridge Dist. No.* 1, 176 Ark. 253, 3 S.W. 2d 969. This court will not reverse the trial court's denial of a change of venue unless there has been an abuse of its discretion. *Van Camp* v. *State,* 125 Ark. 532, 189 S.W. 173; *Adams* v. *State,* 179 Ark. 1047, 20 S.W. 2d 130; *Meyer* v. *State,* 218 Ark. 440, 236 S.W. 2d 996: *Walker* v. *State,* 241 Ark. 300, 408 S.W. 2d 905. We cannot say that there has been an abuse of discretion on the part of the trial court when there has not been compliance with the statute governing change of venue. Even if we should agree with appellant that the testimony of its attorney was proper and sufficient to constitute a supporting affidavit as required by § 27-701, this would not be compliance. No matter how credible one affiant may be, a petition for change of venue supported by the affidavit of only one person is properly overruled for non-

compliance with a statute requiring the affidavit of two credible persons. *Clayton* v. *State,* 191 Ark. 1070, 89 S.W. 2d 732; *Davis* v. *State,* 170 Ark. 602, 280 S.W. 636; *Hopson* v. *State,* 121 Ark. 87, 180 S.W. 485. There is no error in the denial of a motion for a change of venue which is not in compliance with the governing statute. *Hale* v. *State,* 146 Ark. 579, 226 S.W. 527; *Crow* v. *State,* 190 Ark. 222, 79 S.W. 2d 75.

Appellant contends that the testimony of Mr. Charles Owens, an expert value witness called by appellees, did not constitute substantial evidence because he never did give the values of comparable sales used by him in arriving at his value testimony in dollars and cents, although he admitted that some of the sales upon which he based his valuations were of more valuable property than the property of appellees. Appellant admits that this witness qualified as an expert on real estate values in the area. He also showed his familiarity with the property in question. Under these circumstances he was not required to state the facts or reasons forming the basis for his opinion in order to render his opinion as to value admissible. *Arkansas State Highway Commission* v. *Johns,* 236 Ark. 585, 367 S.W. 2d 436; *Arkansas State Highway Commission* v. *Dixon,* 246 Ark. 756, 439 S.W. 2d 912. It was incumbent upon appellant to show that Owens had no reasonable basis for his opinion before it could be said that his testimony was not substantial. *Arkansas State Highway Commission* v. *Johns, supra; Arkansas State Highway Commission* v. *Dixon, supra.* Thus, the burden fell upon appellant to show that the dollar value of the sales upon which Owens relied lent no support to his opinions. Since appellant's attorneys did not inquire as to these values, they are in no position to contend that the witness's failure to give them rendered his testimony insubstantial.

Appellant also argues that Owens based his value testimony upon an incorrect premise, *i.e.,* the market value of five- and ten-acre plots sold from the subject

land. We think that the jury might properly have otherwise construed his testimony. Upon request of appellees' attorney to state some of the comparable sales considered in arriving at his values, Owens stated that there had been several along Highway 64 which had highway frontage and would be more valuable than the property in question and consequently sold for a higher price. He then stated that the bases of his values were these sales and the amounts for which the property could be resold in five- and ten-acre plots for homesites. No objection was made to this testimony, except the objection that the sales were not comparable, which was overruled. On cross-examination, Mr. Owens stated that he was aware that appellees' land was not subdivided or platted, but he considered the development of it would be in five- to ten-acre plots rather than for sale of the property as a whole in determining the value per acre. On redirect examination, these questions were asked and answers given:

"Q. In considering your value and placing your value, you understand it is what Mr. Duff could have sold that whole tract to one buyer or combine?

A. Yes.

Q. Before and after?

A. Yes, sir.

Q. Not what he could have sold it for in five or ten acre tracts, but all in one tract at one time?

A. That's right.

Q. You are talking about what the Duffs could have done with the water available?

A. Yes, sir.

Q. Which would make it desirable?

A. Yes, sir.

Upon recross-examination, Owens answered affirmatively to the following question:

"Q. You described this property and the drain being through it, is it your testimony—It is my understanding you think there would be a market—would have been a market for this whole 59 acres before the taking that somebody would have been willing to pay $23,600.00 for this property you described?"

In determining whether a verdict is supported by substantial evidence, we must review the testimony in the light most favorable to the appellee and indulge all reasonable inferences in favor of the judgment. *Arkansas State Highway Commission* v. *Carder,* 228 Ark. 8, 305 S.W. 2d 330; *Arkansas State Highway Commission* v. *Sargent,* 241 Ark. 783, 410 S.W. 2d 381; *Arkansas State Highway Commission* v. *Maus,* 245 Ark. 357, 432 S.W. 2d 478. We cannot say that the testimony of Owens, viewed in that light, included values based only on the total of separate sales of lots from the property in question. There was no testimony as to the number of lots that could be sold from the property and Owens clearly stated, both on redirect and recross-examination, that his total values were market values for a sale of the entire tract. Furthermore, the opinion of an expert is not rendered without reasonable basis merely because he bases value figures partially on what lots are selling for in the area. *Arkansas State Highway Commission* v. *Sargent, supra.* We also said in the *Sargent* case that in considering testimony based on comparable sales, it must be remembered that no two tracts of real estate are identical and that reasonable latitude must be allowed in evaluating sales and adjusting and compensating for differences in similar lands. Here, as there, it would not be reasonable to suppose that one making a study of values of the tract would give no consideration whatever

to the sale of lots in the immediate vicinity of the tract of land being appraised.

While appellant admits that Mr. Joe Duff, one of the appellees, was competent to testify, it makes virtually the same arguments about the substantiality of his testimony. Appellant admits that this witness based his testimony as to just compensation on his general knowledge of land values in the area as well as on comparable sales. Mr. Duff did display his familiarity with the land, its relationship to roads and highways, its location with reference to the city limits of Plumerville and the streets of that city, the existing easements across the property, the availability of utilities to the property, the uses to which the property had previously been put, drainage conditions, and the location of houses bordering the property. It has been generally recognized by this court that the opinion testimony of the owner of property is competent and admissible on the question of value, regardless of his knowledge of property values. This is based upon the intimate acquaintance with the property arising from his relationship as owner. *Arkansas State Highway Commission* v. *Fowler,* 240 Ark. 595, 401 S.W. 2d 1 ; *Arkansas State Highway Commission* v. *Drennen.* 241 Ark. 94, 406 S.W. 2d 327 ; *Arkansas State Highway Commission* v. *Russell,* 240 Ark. 21, 398 S.W. 2d 201. This does not mean that the testimony of any and every condemnee constitutes substantial evidence. His testimony must be examined to determine whether a satisfactory explanation is given for the conclusion reached. *Arkansas State Highway Commission* v. *Darr,* 246 Ark. 204, 437 S.W. 2d 463. In that case, the owner did not reside upon the land, had no knowledge of market values, and testified about the ''worth'' of the land, relying principally upon sentimental bases and the desires of her deceased husband. In this case, Duff had lived in Plumerville for most of his life until about two years before the trial when he moved to Morrilton, a few miles away in the same county. The city limits of Plumerville bounded the Duff property on two sides. In view

of the demonstrated familiarity of this landowner with the property, we cannot say that his testimony is not substantial. See *Arkansas State Highway Commission v. Maus*, supra.

The judgment is affirmed.

BYRD, J., concurs.