ARKANSAS STATE HIGHWAY COMMISSION v.
EMMA STALLINGS LEAVELL

5-4900                                          441 S.W. 2d 99

Opinion Delivered May 26, 1969

*Thomas B. Keys* and *Kenneth R. Brock* for appellant.

*Gordon, Gordon & Eddy* for appellee.

LYLE BROWN, Justice.    This action in eminent domain was brought by the Highway Commission to acquire lands needed for the relocation of Highway 9, necessitated by the construction of a new bridge across the Arkansas River near Morrilton.    The jury awarded Emma Stallings Leavell $28,000.    The Commission asserts error in that the trial court denied its motion for a change of venue and alleges alternatively that there is no substantial evidence to support the verdict.

The landowner had a tract consisting of 151 acres. The land is situated near the bank of the Arkansas River, slightly under two miles south of the heart of the City of

Morrilton. Highway 9 runs south from Morrilton and between the west boundary of part of the lands and the river, then turns southwesterly across the river bridge. The northerly 36 acres are in the hills and inside the city limits. Mr. and Mrs. Leavell have their home on the hill land. The southerly 115 acres are in the bottoms. At the time of the taking the entire tract was used for the residence and for agricultural purposes. The taking involves only the 36 acres in the hills. It is not contended that the bottom land was damaged.

The new location of Highway 9 may be described as entering the 36-acre tract near the southwest corner. It then goes into a curve, touching the east boundary of the lands and there turns northwesterly and leaves the Leavell property at a point near the center of the north boundary line. The curvature of the highway leaves the tract divided into three parcels of irregular shapes and sizes.

Basing their figures on residential development, three appraisers for the landowner fixed damages at $30,160, $24,200, and $26,100. Mr. Leavell approximated the damages at between $35,000 and $40,000. The two appraisers for the Commission based compensation on agricultural use and fixed damages at $9,000 and $8,750.

In support of its motion for a change of venue the Commission introduced evidence reflecting judgments in nineteen condemnation cases tried in that county between June 18, 1967, and August 5, 1968. In all those cases the landowners received awards substantially exceeding the value testimony of expert witnesses called by the Commission. The value testimony in all of those cases was introduced in the case at bar by a lawyer witness who had inspected the records. That witness did not express any opinion as to whether the Highway Commission could obtain a fair trial in Conway County.

Just as in the case of *Arkansas State Highway Commission - v. Duff*, 246 Ark. -922, 440 S.W. 2d 563

the Commission tendered no affidavits in support of its motion. Our holding in *Duff*, to the effect that a minimum of two supporting affidavits is required, is of course determinative of the issue. We would add only a brief comment to what we said in *Duff*. Since 1875 it has been the mandatory requirement of our statutes that any party to a civil action desiring an order for change of venue shall support his motion with the affidavits of at least two credible persons. Ark. Stat. Ann. § 27-701 (Repl. 1962). That statute is not attacked nor is any legal reason offered for waiving it. As a practical matter it would appear that if the Commission cannot in fact obtain a fair trial, there would surely be available two credible persons who would have knowledge of such a fact and would supply the required affidavits. Appellant argues that the results of the nineteen cited trials make it obvious that it cannot receive a fair and impartial trial in the case at bar. Assuming, without deciding, that the assertion be a fact, it would not of itself justify this court in ignoring the statutory requirement for supporting affidavits. We are not permitted to so legislate.

No objection was made at the trial level that the motion was not supported by affidavits. Appellant therefore reasons that we should not consider the landowner's argument on appeal that the absence of the affidavits is fatal. We evaluate the absence of the affidavits in resolving the ultimate question, that is, whether the trial court abused its discretion in denying the motion for change of venue. In the circumstances here, which of course include the failure to comply with the governing statute, we cannot say the court abused its discretion.

In support of its contention that the record is void of substantial evidence, appellant criticizes the use of two of the many comparable sales which were analyzed and compared with the Leavell property. On cross-examination Mr. Leavell improperly referred to an offer

for a small portion of the 36-acre tract. Also, some of witness Barnes' value figures were taken out of context to support appellant's contention that Mr. Barnes was in error. If it be conceded that some or all of that testimony is subject to criticism, that fact would not necessarily destroy the substantiality of other testimony favorable to appellee.

The real attack on the evidence concerns the subject of highest and best use. The Commission contends there is no reasonable basis for fixing the highest and best use as being for residential property. It is true the Commission's witnesses considered the most advantageous use presently and in the immediate future to be agricultural. It was conceded by one of its witnesses that Morrilton is growing south toward the river and that it was not unreasonable to predict future urban development upon the Leavell property; however, he insisted that any such development would be at a time far in the future. On the other hand, three expert witnesses for the landowner testified that the highest and best use as of the date of the taking was for residential subdivision. The elements upon which that conclusion was based were supported by such factors as the 36 acres being in the city limits; all utilities are available; the town is already expanding in that direction; the development of the Arkansas River for navigation and recreation will hasten the subdividing of the Leavell tract; two additions have already been developed between the subject property and Morrilton; and it was argued that the topography of the acreage was most desirable for homesites.

It is true, as is urged by the Commission, that we are concerned only with the present market value and not those values based upon speculative anticipation of future development. *Arkansas State Highway Commission* v. *Watkins*, 229 Ark. 27, 313 S.W. 2d 86 (1958). Consideration must be given to existing uses, but it cannot be seriously argued that present usage is the guideline. In fact, it was pointed out in *Watkins* that a tract,

at the time of taking, may be utilized for farming or it may be "covered with brush or boulders." Nevertheless it is still proper in those situations to value the land for building purposes if those uses, at the time of taking, have an effect on the present market value of the land.

Such was the opinion of the three expert witnesses for the landowner. Witness Gene Hewitt testified that he had been in the real estate business in Morrilton since 1955 and recounted experience in the development of a nearby subdivision. He concluded just compensation to be $30,160, based upon the recited elements which support residential development in the area. Mr. Leavell has lived on the land for many years and of course showed substantial acquaintance with lands in the area. His estimate of just compensation was more than the jury actually awarded.

We are unable to say as a matter of law that there is no substantial evidence to support the verdict.

Affirmed.

Jones, J., dissents.

J. Fred Jones, Justice. At the risk of being accused of invading the province of the jury, I respectfully dissent from the majority opinion in this case.

As more specifically pointed out in my concurring opinion in the case of *Ark. State Highway Commission* v. *Dixon*, 246 Ark. 756, 439 S.W. 2d 912, a tremendous gap has developed between the opinions of the experts testifying for the landowners, and those testifying for the highway commission, as to the damages sustained to land in highway condemnation cases, and this case is no exception. The lowest estimate of damages by the appellee's experts in this case is $24,200 and the highest estimate by appellant's experts is $9,000, a difference of $15,200. The jury verdict was for $28,-

000. The appellant's expert appraisers say that the highest and best use of the land involved is for agricultural purposes; whereas the appellee's experts say that its highest and best use is for subdivision residential development. As I attempted to point out in my concurrence in *Dixon, supra,* these expert appraisers had the same information available to them and drew their conclusions from the same source. If such discrepancy does not reflect on the qualifications of these witnesses as expert appraisers, it certainly does, in my opinion, adulterate the quality of their testimony and opinions as substantial evidence.

I recognize that only the trial judge has the statutory authority, under Ark. Stat. Ann. §§ 27-1901—27-1903 (Repl. 1962), to re-examine the issues of fact after a verdict by a jury, and that it is the duty of the trial judge and not this court to set aside a verdict which is against the preponderance of the evidence. (*La. & Ark. Ry. Co.* v. *O'Steen and Barr,* 194 Ark. 1125, 110 S.W. 2d 488.)

I also recognize that in the case at bar enhancement in value by the construction of the highway was not pleaded by the appellant and that aside from a mere unsupported motion for a change in venue, the appellant relied on the usual, and almost trite contention, that there was no substantial evidence to support the jury verdict of $28,000. I recognize that my dissent is based on a rather radical departure from our usual procedures in determining what is substantial evidence.

Witness Hewitt testified for the appellee that the highest and best use of the land was for residential development and the damage was $30,160. Witness Hayes testified for the appellant that the highest and best use was for agricultural purposes and that the damage was $8,750. The testimony of appellee's experts ranged from Mr. Hewitt's high of $30,160 to witness Barnes' low of $24,200, and for the appellant the testimony ranged from Mr. Hayes' low of $8,750 to Mr. Mashburn's

high of $9,000—so what is substantial evidence under such discrepancy in the testimony of experts? I am simply unable to accept as substantial evidence, the opinions of the experts in this case when the testimony, in my opinion, is so thoroughly contradicted by the plat of the area involved and accepted in evidence.

The land involved in this case is inside the corporate limits of Morrilton and is on a high bank overlooking the Arkansas River above lock and dam No. 9. The highway involved is not a controlled access highway, but is a new location of the old highway. The old highway crossed the river bridge and ran parallel with the river along the west side of appellee's property, whereas the new highway crosses a new bridge a short distance down stream from the old bridge. The new highway enters appellee's land at its southwest corner, crosses a part of the land and then curves north to run through the east side of appellee's property. The old highway now constitutes a paved street on the west side of appellee's property next to the river and the new paved highway provides highway frontage and access to any portions of the east half of appellee's property.

If the appellee's experts were correct in their opinion that the highest and best use of appellee's land is for residential development purposes, then their testimony that the lands have been damaged by the construction of a paved road readily accessible to any residential plots that may be laid out on such land, simply does not make sense to me.

Since no enhancement in value was alleged in this case and no request was made for a new trial, I would reverse and remand for a determination of the market value of the land actually taken in fee and for an assessment of damages not to exceed that amount.