ARKANSAS STATE HIGHWAY COMMISSION *v.* B. L. PRICE et al

75-86                                        527 S.W. 2d 907

Opinion delivered October 13, 1975

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Lightle, Tedder, Hannah & Beebe,* for appellees.

GEORGE ROSE SMITH, Justice. In this eminent domain action the highway department is taking 7.16 acres for the relocation of U.S. Highway 67, leaving the appellees' 26-acre tract cut about half in two by the relocated highway. In appealing from a verdict fixing the landowners' compensation at $37,000 the highway department argues two points for reversal.

First, it is insisted that the principal landowner, B.L. Price, gave no reasonable basis for his opinion, because he "demonstrated no personal familiarity with land values in the area." That argument is rebutted by our holding in *Ark. State Highway Commn.* v. *Fowler,* 240 Ark. 595, 401 S.W. 2d 1 (1966), where we said that a landowner, because of his relationship as owner, is competent to testify about the value of his own property "regardless of his knowledge of [other] property values." Here Mr. Price had lived on the farm for 29 years, had cultivated it ever since the days when mules were used to propel the plow, and obviously was familiar with the land in every particular. In the circumstances it cannot be seriously said that he had no reasonable basis for his opinion about the value of the land.

Second, an unusual situation arose with regard to the testimony of one of the landowners' expert witnesses, Terral Huff. Mr. Huff, a real estate salesman for 25 years, had made three trips to the property in 1972 in the course of appraising it. He turned his handwritten notes over to Mr. Lightle, the landowners' attorney. After that, Mr. Huff's eyesight was so impaired by an accident that he was no longer able to read his notes.

At the trial, after Mr. Huff had testified about his inability to read the notes, the court permitted Mr. Lightle to introduce the notes and read them to the jury. Counsel for the highway department objected on the ground that Mr. Huff admitted that he could not recall from memory sufficient details to give his opinion about the before and after value of the property. It was argued that the department's right to cross-examine the witness was actually being denied. That objection was overruled.

If the record ended at that point the appellant's point might be well taken. The record, however, does not end there. Counsel for the department first cross-examined Mr. Huff about what he referred to in his notes as the "nuisance" damage. The witness explained that he meant that after the taking the dwelling house would be so close to the highway that the property would be hard to sell. Huff was then questioned about the 7 ½-acre tract that was left on the west side of the relocated highway. Throughout the cross-examination the witness's testimony was clearly and succinctly given. We find no indication that the witness's defective vision impaired in any way the condemnor's right of cross-examination. In fact, there was no renewal of the objection after counsel had completed a cross-examination which, although brief, was apparently as comprehensive and as searching as counsel wished. No abuse of the court's discretion is shown.

Affirmed.